The CITY NATIONAL BANK & TRUST COMPANY, Appellant,

v.

Joe E. OLIVER, Debtor, and Claude L. Rice, Trustee in Bankruptcy, Appellees.

No. 5121.

United States Court of Appeals Tenth Circuit.

Feb. 1, 1956.

Edward A. Smith and Howard L. Swartzman, Kansas City, Mo. (Lee E. Weeks, Kansas City, Kan., was with them on the brief), for appellant.

Claude L. Rice, Kansas City, Kan., pro se.

Before PHILLIPS, Chief Judge, HUXMAN, Circuit Judge, and SAVAGE, District Judge.

SAVAGE, District Judge.

This is an appeal by the City National Bank & Trust Company from a judgment of the United States District Court for the District of Kansas, affirming an order of the Referee in Bankruptcy in a wage earner's Chapter XIII proceeding rejecting the bank's claim to property under an unrecorded chattel mortgage.

The facts are not in dispute. The bank is the owner and holder of an installment note secured by a chattel mortgage upon a television set owned by Joe E. Oliver. The mortgaged property was at all times in Oliver's possession in the state of Kansas. The mortgage was not filed for record. Payments on the note have been in default since July 8, 1954.

Oliver filed a petition for a wage earner's plan under Chapter XIII of the Bankruptcy Act, §§ 601–686, 11 U.S.C.A. §§ 1001–1086, on August 12, 1954, in which he waived all personal property exemptions. After a hearing the plan was confirmed by the Referee and the appellee, Claude L. Rice, was appointed trustee. The plan provides for payment by the debtor of $25 each week to the trustee to be distributed, after payment of costs, to creditors with secured creditors having priority.

The bank did not consent to the plan but made demand upon the debtor and the trustee for possession of the television set. The demand was refused, and the bank filed a reclamation petition asking for possession of the property or, in the alternative, to have its claim against the debtor allowed as a secured claim. The judgment of the referee denying the petition was upheld by the district court on review.

■ A Kansas statute provides that an unrecorded chattel mortgage " * * * shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith * * * ". G.S. 1949, Section 58–301. A mortgage not filed of record is void as against at-

taching creditors, but is valid as to the mortgagor. Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275. No creditor had perfected a lien against the property, and the bank at any time after default under the mortgage and before the filing of this wage earner's proceeding could have repossessed the mortgaged property.

The bank readily concedes that, if the debtor had been adjudged a bankrupt in an ordinary bankruptcy proceeding, the trustee would have been vested with title to property of the bankrupt, Bankruptcy Act, § 70, sub. a, 11 U.S.C.A. § 110, sub. a, would have the status of a lien creditor, Section 70, sub. c, and could have avoided the unrecorded mortgage.

■ The Chapter XIII proceeding, unlike ordinary bankruptcy does not provide for a liquidation of the property of the debtor for the purpose of making distribution to creditors. It is contemplated that creditors will be paid from future earnings of the debtor in conformity with the approved plan. It is provided, however that, where not inconsistent with the provisions of the Chapter, the court shall have exclusive jurisdiction of the debtor and his property as well as his earnings and wages during the period of consummation of the plan, Section 611; that the jurisdiction, powers and duties of the court shall be the same, Section 612, and the rights, duties and liabilities of creditors and all other persons with respect to the property of the debtor shall be the same, Section 641, as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the wage earner's petition was filed. If the plan is not effectuated, the court must dismiss the proceeding or, with the consent of the debtor, adjudge him a bankrupt and direct that bankruptcy be proceeded with, Section 666.

The primary function of the Chapter XIII trustee is to receive and distribute the moneys to be paid under the plan.

This is made clear by Section 633 which provides in pertinent part:

"At such meeting, or at any adjournment thereof— * * * (4) the court shall, if the plan is accepted, appoint a trustee to receive and distribute, subject to the control of the court, all moneys to be paid under the plan and shall require such trustee to give bond with surety to be approved by the court in such amount as the court shall fix; * * *."

The bank argues that by reason of the foregoing provision the trustee is a mere distributing agent whose sole function is to receive and distribute the moneys to be paid under the plan. But it is specified that the powers and duties of the officers of the court and the rights, privileges and duties of the debtor, where not inconsistent with other provisions of the chapter, shall be the same as if there had been an adjudication of bankruptcy at the time the petition was filed. Section 636. The trustee is unquestionably an officer of the court. In addition, Section 602 provides:

"The provisions of Chapters I to VII, inclusive, of this Act shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter: Provided, however, That subsection f of section 70 shall not apply in such proceedings unless an order shall be entered directing that bankruptcy be proceeded with pursuant to the provisions of Chapters I to VII, inclusive. * * *"

We are thus confronted with the question of whether section 70, sub. c, giving the trustee the rights of a lien creditor, is inconsistent or in conflict with the provisions of Chapter XIII. A direct conflict is not suggested because there is no express prohibition against the trustee exercising the rights of a lien creditor. But the bank asserts that Section 70, sub. c is inconsistent with

the provisions of Chapter XIII. Its reasoning is based essentially upon the premise that the language of Section 633, sub. 4 compels a conclusion that the rights and powers of the trustee are thereby restricted; that the only rights and duties of the trustee are to receive and distribute moneys paid under the plan.

■ We agree with the referee and the court below that the authorization of the Chapter XIII trustee to receive and distribute moneys to be paid under the plan does not constitute a limitation upon the rights and powers of the trustee. The exercise by the trustee of all rights of a lien creditor conferred by Section 70, sub. c is not inconsistent with the grant of authority to serve as the distributing agent. Indeed, the trustee must be armed with the lien creditor status if the rights of creditors with respect to the property of the debtor are to be the same as in ordinary bankruptcy. In ordinary bankruptcy the bank, because of the superior rights of the trustee granted by Section 70, sub. c, could neither reclaim the property nor have its claim allowed as a secured claim. But if the Chapter XIII trustee does not have the rights of a lien creditor, the bank may either take the property or alternatively have the balance due allowed as a secured claim. If the bank's claim be declared a secured claim, it must be paid on a priority basis under the approved plan. Such a result would be at war with the avowed purpose of Section 641.

The referee, recognizing that the applicability of Section 70, sub. c to a Chapter XIII proceeding is a question of first impression, cited and relied upon the case of Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658, where the court dealt with an arrangement under Chapter XI of the Act. It was there held that both Section 70, sub. a and 70, sub. c are applicable in an arrangement proceeding and that the trustee or debtor in possession is vested with title to the property of the debtor and with the rights and powers of a lien creditor. The same conclusions with respect to the rights of a trustee in a wage earner's proceeding were thought to be indicated because of certain similarities between Chapter XI, 11 U.S.C.A. § 701 et seq. and Chapter XIII.

The bank asserts that the Lockhart case does not support the referee's decision because a careful comparison reveals a sharp distinction between the powers conferred by the two chapters upon their respective trustees. While we regard the Lockhart case to be of doubtful value in the solution of our problem because of basic differences between the Chapter XI and Chapter XIII proceedings, we are nevertheless convinced, without the aid of precedent, that Section 70, sub. c is not inconsistent with the provisions of Chapter XIII.

Much of the bank's argument is leveled at the referee's determination that Section 70, sub. a is consistent with the provisions of Chapter XIII and that the trustee is vested with title to all property of the debtor. But we postpone the decision of that question until the necessity for it arises. We need not and do not decide in this case whether section 70, sub. a is applicable in a wage earner's proceeding.

Another position taken by the bank is that, even if the trustee is vested with the rights of a lien creditor, he cannot avoid the unrecorded mortgage because the mortgaged property is not utilized for the benefit of general creditors. The case of Whiteford Plastics Co., Inc., v. Chase National Bank, 2 Cir., 179 F.2d 582, is relied upon to demonstrate that an unrecorded chattel mortgage can be avoided by a trustee in bankruptcy only for the benefit of creditors. It was there held that the debtor in possession in a Chapter XI arrangement proceeding, with powers of a trustee, could not avoid an unrecorded conditional sales contract covering property not included in the arrangement. The court assumed

as the basis of its decision that the avoidance of the unrecorded contract would benefit the debtor only and was not in the interest of the general creditors. The bank's contention that the Whiteford case is controlling authority is based upon the premise that general creditors cannot derive any benefit from the rejection of its claim. That the sole result will be to give the debtor an undeserved windfall. The bank even suggests that the creditors would benefit in the event it should be allowed to reclaim the property. Otherwise, the bank becomes an unsecured creditor participating on a pro rata basis with other unsecured creditors in the distribution of moneys under the plan. The debtor will retain possession of the property for his sole benefit.

The fallacy of this argument becomes apparent upon a consideration of possible benefits to creditors. True, general creditors would suffer no detriment from a delivery of the television set to the bank if the plan is finally consummated. The creditors may even benefit to some extent because the bank's claim would not participate in the distribution to general creditors. But injury to creditors would result if the referee, in the exercise of discretion should allow the claim as a secured claim instead of permitting the bank to reclaim the property. In that event, we repeat, the claim of the bank would be accorded preferential treatment under the confirmed plan. On the other hand, if the plan for any reason is not carried out and the court with the debtor's consent adjudges him to be a bankrupt and orders bankruptcy proceeded with, the television set is lost to the estate. It is not among the assets of the estate which are to be liquidated and distributed to creditors.

We conclude that the trustee was possessed of the rights of a lien creditor and that the exercise of such rights for the purpose of avoiding the bank's unrecorded mortgage was in the interest of the general creditors.

Affirmed.