UNITED STATES of America, Appellant,

v.

Allen S. KRAKOVER, Trustee, Appellee.

No. 8786.

United States Court of Appeals
Tenth Circuit.

May 2, 1967.

Florence Wagman Roisman, Atty. Dept. of Justice (Barefoot Sanders, Asst. Atty. Gen., Lawrence M. Henry, U. S. Atty., and David L. Rose, Atty., Dept. of Justice, were with her on the brief), for appellant.

Fred M. Winner, of Winner, Berge, Martin & Camfield, Denver, Colo., for appellee.

Before LEWIS, BREITENSTEIN, and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question is whether in a Chapter 13 bankruptcy proceeding[1] the United States can be ordered to pay to the trustee part of the wages of one of its employees. The referee answered the ques-tion in the affirmative and, on a peti-tion for review, the district court agreed. This appeal followed. No jurisdictional question is raised by the parties. If an allowance of the appeal is required by § 24 of the Bankruptcy Act, 11 U.S.C. § 47, we allow the appeal because of the important question presented.

The case is before us on a skeleton rec-ord. We are not provided with the debtor's petition, the plan which he pro-posed, the action of the creditors there-on, or the order of confirmation. In the circumstances, we assume that they are regular and in conformity with the Act. It is conceded that at the time of the confirmation of the plan the debtor was an employee of the State of Colorado and thereafter became an employee of the mint of the United States at Den-ver.

On the motion of the trustee the referee ordered that:

"* * * until the further order of the Court said employer [the Unit-ed States] shall hereafter, as the wages or earnings of the debtor be-come due and payable, and on each pay day, and out of said wages or earnings, pay $30.00 semi-monthly to said Trustee; and the payment there-of by said employer to the Trustee shall fully acquit and discharge said employer to the extent of such pay-ments as against the claims or de-mands of the debtor; * * *."

The question presented is one of first impression for federal appellate courts. The United States relies on its immunity to suit without consent and the trustee denies the applicability of that doctrine.

The referee's order was entered under § 658(2), 11 U.S.C. § 1058(2), which provides:

"During the period of extension, the court—

* * * * * *

(2) may issue such orders as may be requisite to effectuate the provi-sions of the plan, including orders di-

---

1. See 11 U.S.C. §§ 1001–1086.

rected to any employer of the debtor. An order directed to such employer may be enforced in the manner provided for the enforcement of judgments."

The trustee says that the reference to "any employer" in its uncompromising generality includes the United States and supports his position by reference to Baltimore National Bank v. State Tax Commissioner of Maryland, 297 U.S. 209, 56 S.Ct. 417, 80 L.Ed. 586, where the Court held that the use of the word "all" in a statute pertaining to the taxation of bank shares includes shares owned by an agency of the United States. The government counters with United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884, where the Court declined to construe the word "employer" as used in the Norris-La Guardia Act to include the United States.

In United States v. Mel's Lockers, Inc., 10 Cir., 346 F.2d 168, 170, we held that general language in the Bankruptcy Act "cannot be construed as a waiver of governmental immunity." The same rule must be applied here.

The trustee's argument that the order does not violate the principle of sovereign immunity is unconvincing. Although compliance with the order may require only another hole in a punch card and the issuance of two checks rather than one, the controlling factor is the fact of impact on the government rather than the extent of the impact. The referee has ordered the government to pay to the trustee money in the hands of its disbursing agent. This runs contrary to Buchanan v. Alexander, 45 U.S. (4 How.) 20, 11 L. Ed. 857, where the Court denied the right to attach money which was in the hands of a government disbursing agency and was due for wages earned.

■ If the intent of Chapter 13 is to permit the voluntary assignment of unearned wages by the submission and confirmation of a plan, and if such an arrangement is not subject to the restrictions of the Anti-Assignment Act,[2] the fact remains that no avenue is open for the referee to enforce his order against the United States because it is immune from execution and garnishment.[3] An order which may not be enforced is an exercise in futility.

■ Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428, and Kolb v. Berlin, 5 Cir., 356 F.2d 269, do not help the position of the referee. In Segal the Court held that an inchoate claim for loss-carryback federal income tax refunds was property within the meaning of § 70a (5) of the Bankruptcy Act, 11 U.S.C. § 110(a) (5), and that the Anti-Assignment Act did not bar the transfer of such refunds to the trustee. Kolb holds that the Anti-Assignment Act does not bar the transfer under the Bankruptcy Act of accrued but unpaid wages of a bankrupt federal employee. Each case relates to a transfer under § 70a and we have expressly left undecided the applicability of that section to Chapter 13 proceedings.[4] Whether it is applicable or not the answer to the problem here presented comes out the same. The order may not be enforced against the United States because Congress has not waived immunity of the United States to suit.

■ This conclusion does not deprive federal employees of the benefits of Chapter 13.[5] The compulsion required to

2. 31 U.S.C. § 203. In Goodman v. Niblack, 102 U.S. (12 Otto) 556, 561, 26 L. Ed. 229, the Court held that the Anti-Assignment Act did not apply to assignments for the benefit of creditors.

3. Buchanan v. Alexander, 45 U.S. (4 How.) 20, and see Federal Housing Administration Region No. 4 v. Burr, 309 U.S. 242, 250–251, 60 S.Ct. 488, 84 L.Ed. 724.

4. See City National Bank & Trust Company v. Oliver, 10 Cir., 230 F.2d 686, 689, 56 A.L.R.2d 749.

5. In Perry v. Commerce Loan Co., 383 U.S. 392, 395, 86 S.Ct. 852, 854, 15 L. Ed.2d 827, the Court said that Chapter 13 gave "to the wage earner a reasonable opportunity to arrange installment payments to be made out of his

affect the payment to the trustee of a part of the wages as earned can be exercised against the debtor by an appropriate order to endorse and turn over the pay checks. Such an order will protect the trustee and the creditors and will not infringe on the immunity of the United States.

Reversed.

future earnings" and was intended to encourage wage earners to pay their debts in full "by offering two inducements: (1) avoidance of an adjudication of bankruptcy with its attendant stigma; and, at the same time, (2) temporary freedom during the extension from garnishments, attachments and other harassments by creditors."