**In re Larry WADE, Patricia A. Wade, Debtors.**

**Bankruptcy No. 379–02351.**

United States Bankruptcy Court, M. D. Tennessee.

March 18, 1980.

Steven L. Lefkovitz, Nashville, Tenn., for debtors.

Keith M. Lundin, Waddey & Lundin, Nashville, Tenn., Trustee in Bankruptcy.

## ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the court for confirmation of a plan filed under Chapter 13 of the Code. The plan proposes to divide unsecured creditors into two classes. Unsecured debts cosigned by family members are to be paid 100%. All other unsecured creditors are to be paid 70%. The issue is whether this division constitutes valid classification, that is, can the cosigned unsecured debt be treated separately and differently from the non-cosigned debt.

The reason for the proposed classification is apparent. 11 U.S.C. § 1301 imposes a stay against the creditor from pursuing the collection of debts against codebtors to the extent of payment in the Chapter 13 plan. On request of a party in interest relief from the stay "shall" be granted to the extent the plan proposes not to pay the claim. The debtor wishes to receive the benefits of the § 1301 provisions.

11 U.S.C. § 1322(b)(1) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may—(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; . . .

11 U.S.C. § 1122 provides that claims and interests may be classified if they are "substantially similar."

The Legislative History of 11 U.S.C. § 1122 states:

"This section codifies current case law surrounding the classification of claims and equity securities. It requires classification based on the nature of the claims or interests classified, and permits inclusion of claims or interests in a particular class only if the claim or interest being included is substantially similar to the other claims or interests of the class." H.R.REP.NO.95–595, 95th CONG., 1st SESS. at 406 (1977). To the same effect S.REP.NO.95–989, 95th CONG., 1st SESS. at 118 (1977).

The Code does not define "substantially similar." The following discussion is relevant.

> [S]uch phrase must be construed to mean similar in legal character or affect as a claim against the debtor's assets or as an interest in the debtor. Thus, with the exception of the separate classification of claims subordinated under principles of equitable subordination, the nature of the claim or interest is determinative of classification, not the nature or identity of the holder of the claim or interest. As the Tenth Circuit noted in *Scherk v. Newton*, "classification is simply a method of recognizing difference in rights . . . which call for difference in treatment." In classifying claims, courts have looked at the nature of the claim (i. e., senior or subordinated), and the relationship of the claim to the property of the debtor. Thus, claims of the same kind and the same rank involving the same property may be included within a single class. For example, the holder of a general unsecured claim has the right, which it shares with all other holders of allowed, unsecured, non priority claims, to receive a pro rata share of the debtor's property after payment of secured claims and priority claims and prior to distributions to equity interests. 5 Collier on Bankruptcy ¶ 1122.03 (15th Ed.1979).

Apart from equitable subordination or the administrative convenience exception of 11 U.S.C. § 1122(b), unsecured creditors having similar interests in debtor's assets and identical legal rights, may be placed in the same class.

Reference is again made to 11 U.S.C. § 1322(b)(1) which prohibits unfair discrimination "against any class so designated." Is the class receiving 70% unfairly discriminated against? The character of their claim is the same as those receiving 100%, both being unsecured creditors. The conclusion is mandated that this represents unfair discrimination against the creditors receiving 70%.

The same conclusion has been reached by others. In *Chapter 13 nee Chapter XIII*, 53 Am.Bankr.L.J. 303, 313 (1979), Judge Joe Lee stated:

> The plan must provide the same treatment for each claim within a particular class. Imaginations have run wild on the subject of how to finesse a chapter 13 plan by dividing creditors into classes. For example, it has been suggested that claims on which codebtors are obligated can be placed in a separate class and paid in full, while other unsecured debts are dealt with on a composition basis. The reason for wanting to place debts on which codebtors are obligated in a separate class is the fact that the automatic stay against collection from codebtors on consumer debts is operative only to the extent the debt is to be paid under the plan. A creditor may obtain relief from the stay and proceed against the codebtor to the extent the debt is not dealt with by the plan. It appears doubtful the courts will condone debtors placing debts on which codebtors are obligated in a class separate and apart from other unsecured debts for purposes of the plan. The Code permits unsecured debts to be placed in a separate class on the basis of amount in order that small claims may be paid expeditiously for administrative convenience. It also permits unsecured claims on which the last payment is due after the date on which the final payment under the plan is due to be dealt with separately. There is no authorization for further classification of unsecured debts. If further classification is permitted creditors will probably retaliate by requiring the signature of codebtors on all debts. That would be an unfortunate development. The fact that the automatic stay against collection from codebtors on consumer debts is operative only to the extent the plan proposes to pay the claim will probably have the salutary effect of encouraging 100% payment plans by debtors who are capable of carrying out such plans, and will limit the use of composition plans to debtors who cannot pay in full and maintain a decent living standard for themselves and their families.

In *In re Matern [In re Iacovoni]*, 2 B.R. 256 (B.C.D. Utah 1980) Judge Mabey stated:

[U]nsecured debt classified separately and treated differently solely on the basis of the existence of a codebtor is an improper classification under 11 U.S.C. § 1322(b)(1).

It may be argued unsecured debts with cosignors are different from debts without such cosignors. From the view of the proponent of the plan, i. e., the debtor, the debts are of the same character—both unsecured. The difference is to the creditor. There is no basis for dissimilar treatment in the Chapter 13 plan.

The plan, therefore, cannot be confirmed. The parties are allowed fifteen days to amend the plan or an order of dismissal must issue.

It is so ORDERED.