**In re Danny Ray BUREN, Debtor.**

**Bankruptcy No. 379–01863.**

United States Bankruptcy Court,
M. D. Tennessee.

March 28, 1980.

C. Kinian Cosner, Jr., Nashville, Tenn., for Debtor.

Keith M. Lundin, Waddey & Lundin Nashville, Tenn., Trustee in Bankruptcy.

Hal D. Hardin, U.S. Atty., Middle District of Tenn., Nashville, Tenn., for Social Security Administration.

ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the Court upon motion of the Social Security Administration for relief from an order of the Court requiring benefits to be paid to the Trustee for the above-named Chapter 13 debtor.

The debtor is a disabled individual receiving certain retirement funds from the U.S. Army and disability benefits under Title II of the Social Security Act. He filed a petition for relief under Chapter 13 of the Bankruptcy Code on October 18, 1979. After confirmation of the debtor's amended plan, the Court entered two amended payroll deduction orders as follows: an order requiring the Commander of U.S. Army Finance and Accounting to pay to the Trustee $153 per month from benefits due the debtor and an order requiring the Social Security Administration to pay to the Trustee $350 per month from benefits due the debtor. Although monthly payments have been received from the U.S. Army, the Social Security Administration has filed a motion for relief from the Court's amended order.

Section 1325(b) of the Code states that after confirmation of a Chapter 13 plan ". . . the Court may order *any entity* from whom the debtor receives income to pay all or any part of such income to the Trustee." 11 U.S.C. § 1325(b). The concept of "entity" in § 1325(b) is defined in § 101(14) of the Code as follows: ". . . 'entity' includes person, estate, trust, *governmental unit*;." 11 U.S.C. § 101(14). ". . . 'Governmental unit" in § 101(14) is further defined in § 101(21) as follows: ". . . 'governmental unit' means . . department, agency, or instrumentality of the United States, . . . ." 11 U.S.C. § 101(21). The Social Security Administration is a "governmental unit" under

§ 101(21) and, therefore, is an "entity" under § 101(14).

The definition of "entity" in § 101(14) should be contrasted with the definition of person in § 101(30). Entity includes governmental units, while person does not. The Code carefully uses these terms. For example, note their use in § 109(b) and (c). Congress chose the word in § 1325(b) and intended to include governmental units. Section 1325(b) thus subjects the Social Security Administration to orders of the Bankruptcy Court requiring the payment of a debtor's income to the Trustee in Chapter 13 cases.

The expanded jurisdictional provisions of the new Bankruptcy Code make it clear that the Social Security Administration and other government units are subject to income deduction orders in Chapter 13 cases. If 11 U.S.C. § 1325(b) is not itself sufficient authority to support the income deduction order herein, there can be no doubt that § 105(a) of the Code and §§ 1471(a) and (e) of Title 28 of the United States Code give the Court authority to issue the challenged orders. 11 U.S.C. § 105(a) reads in full as follows:

> (a) the bankruptcy court may issue any order, process, or judgment that is *necessary or appropriate* to carry out the provisions of this title.

Section 105(a) is an intentionally broad grant of authority to the United States Bankruptcy Courts to facilitate the orderly administration of bankruptcy cases. This section is much broader than its predecessor, § 2a(15) of the prior Act. Unlike the restriction under prior law that an order of a bankruptcy court must be "necessary for the enforcement of the provisions of this title," § 105 authorizes the bankruptcy court to also issue orders "appropriate to carry out the provisions of this title." The power contained in § 105 is arguably more extensive than that contained in the All Writs Statute, 28 U.S.C. § 1651.

Section 105 complements the all encompassing grant of jurisdiction now

contained in 28 U.S.C. § 1471, which provides in part:

> (e) the bankruptcy court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

As outlined below, the debtor's right to receive social security benefits is property of the Chapter 13 estate. Such property is unquestionably within the jurisdiction of the United States Bankruptcy Court. Section 105(a) authorizes the Bankruptcy Court to issue orders "necessary and appropriate" to carrying out the provisions of the Chapter 13 plan. The plan herein calls for the payment of social security benefits to the Trustee for distribution to creditors.

The Social Security Administration cannot claim the immunity from income deduction orders which may have been available under prior law. As demonstrated in *United States v. Krakover*, 377 F.2d 104 (10th Cir. 1967), agencies of the United States government had realized some insulation from income deduction orders in Chapter 13 cases under prior law. In *Krakover* the 10th Circuit reasoned that § 658(2) of the prior Bankruptcy Act, 11 U.S.C. § 1058(2), limited the enforceability of income deduction orders in Chapter 13 cases to an "employer" other than the United States government. The language of § 1325(b) of the Code and the definitions contained in § 101 clearly overrule the immunity analysis in *Krakover*.

Moreover, 11 U.S.C. § 106 specifically addresses the immunity issue as follows:

> Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—
> (1) a provision in this title that contains "creditor," "entity" or "governmental unit" applies to governmental units; . . .

Congress, thus, contemplated a waiver of the principle of sovereign immunity of the United States at least to the extent of subjecting government agencies to income deduction orders as "entities" under § 1325(b).

■ Congress contemplated that individuals receiving income from social security could be debtors under Chapter 13 of the new Bankruptcy Code. An "individual with regular income" who otherwise meets the requirements of § 109(e) of the Code is eligible to be a debtor under Chapter 13. 11 U.S.C. § 109(e). Section 101(24) of the Code defines "individual with regular income" to mean:

> ". . . [an] individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title . . ." 11 U.S.C. § 101(24).

The legislative history of § 101(24) reveals that Congress presupposed the use of social security benefits as income "sufficiently stable and regular" to provide funding for a Chapter 13 plan. The House Report relating to § 101(24) contains the following observation:

> "Thus, individuals on welfare, *social security*, fixed pension incomes, or who live on investment incomes, will be able to work out repayment plans with their creditors rather than being forced into straight bankruptcy." [Emphasis added]. H.R.Rep.No.95–595, 95th Cong., 1st Sess. at 312 (1977), U.S.Code Cong. & Admin. News 1978 at pp. 5787, 6269.

*See*, S.Rep.No.95–989, 95th Cong., 2d Sess. 24, 119, 312 (1978). *See also*, 2 Collier on Bankruptcy ¶ 101.24 (15th Ed.). As demonstrated above, § 1325(b) authorizes the United States Bankruptcy Court in Chapter 13 cases to order any entity from whom the debtor receives income to pay all or a portion of that income to the Trustee. An order to the Social Security Administration to pay social security benefits to the Trustee in a Chapter 13 case was, thus, explicitly contemplated by Congress in the framing of the new Code.

■ The debtor's future social security benefits are property of the estate in a Chapter 13 case. The expanded notion of "property of the estate" in Chapter 13 cases is unquestionably broad enough to include

the debtor's social security benefits. 11 U.S.C. § 1306 reads in part as follows:

(a) Property of the estate includes, in addition to the property specified in § 541 of this Title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . .

Section 541, 11 U.S.C. § 541, reads in part as follows:

(a) The commencement of the case . . creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all *legal or equitable interests of the debtor in property as of the commencement of the case.* [Emphasis added].

Section 1306 thus expands the definition of property of the estate contained in § 541 to include all legal or equitable interests in property which the debtor acquires after the commencement of the case. Social security benefits to be paid to the debtor in the future would certainly constitute a "legal or equitable" interest in property and would become part of the Chapter 13 estate by operation of § 1306(a)(1).

■ The government's argument that social security benefits do not become part of the Chapter 13 estate by operation of non-bankruptcy law is refuted by the language of the Code and by the legislative history. In its memorandum, the government argues that the exemption from "execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law" contained in 42 U.S.C. § 407 acts to exempt social security benefits from the definition of property of the estate in Chapter 13 cases. Under § 70(a) of the prior Bankruptcy Act, this argument may well have been correct. Under prior law it was necessary to look to non-bankruptcy law—state and/or federal—to determine whether a debtor's interest in property became part of the bankruptcy estate. *See, e. g., Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). Section 541 of the new Code eliminates virtually all of this dependence on non-bankruptcy law. Under § 541 the determination of what is property of the estate does not depend on whether non-bankruptcy law permits the debtor to transfer the property involved or would permit the debtor's creditors to reach the property. *See,* 4 Collier on Bankruptcy ¶ 541.02[1] (15th Ed.). *See, also,* 4 Collier on Bankruptcy ¶ 541.09 (15th Ed.). Section 541(a) includes as property of the estate *all interests* the debtor may have in property, without regard to whether the property or the debtor's interest in the property is transferrable or could be seized by creditors. The fact that non-bankruptcy law—here § 407 of the Social Security Act—may limit the ability of creditors to attach or levy upon social security benefits in the non-bankruptcy context does not affect whether such benefits are property of the estate in a Chapter 13 case.[1]

To further buttress the general definition of property of the estate in § 541 and to further emphasize the abandoned reliance on other laws for a definition of property of the estate, § 541(c)(1)(A) declares that a debtor's interest in property becomes property of the bankruptcy estate "notwithstanding any provision—. . . that restricts or conditions transfer of such interest by the debtor . . ." 11 U.S.C. § 541(c)(1)(A). Thus, for purposes of determining what is and what is not property of the Chapter 13 estate, § 541(c)(1)(A) invalidates provisions in agreements or in non-bankruptcy law which pretend to restrict or condition the transfer of the debtor's interest in property. *See* 4 Collier on Bankruptcy ¶ 541.22 (15th Ed.); S.Rep.No.95–989, 95th Cong., 2nd Sess. at 83 (1978). 42 U.S.C. § 407 is such a provision of non-bankruptcy law and cannot operate to de-

---

1. The scheme of the Code is clear both from its provisions and its legislative history. Everything is property. Those items necessary for a fresh start will then be exempted to the debtor under 11 U.S.C. § 522. See page 113 herein.

prive the Chapter 13 estate of social security benefits under §§ 541 and 1306.

The government's argument that 42 U.S.C. § 407 was omitted from the list of legislation specifically repealed by the Bankruptcy Reform Act and therefore still controls is not convincing. Restrictions on assignment, garnishment, attachment and the like are found in numerous other statutes. *See*, for example, 42 U.S.C. § 1717 protecting injury and death benefits; 38 U.S.C. § 770(g) protecting payments under Servicemen's Group Life Insurance or Veterans' Group Life Insurance; 38 U.S.C. § 3101 protecting payments made under any law administered by the Veterans' Administration; 33 U.S.C. § 775 protecting benefits for widows of lighthouse service personnel; 5 U.S.C. § 8130 protecting payments made under the Federal Employees' Compensation Act. None of these sections was specifically repealed. To hold that recipients of benefits under the above cited statutes are denied eligibility as Chapter 13 debtors is unthinkable. To eliminate availability of Chapter 13 relief to such a substantial segment of the populace does not accord with the obvious intent of Congress.

The government has voiced concern that allowing payment of social security benefits to the bankruptcy trustee may otherwise affect § 407 and the protection it offers the recipient and those dependent on him from claims of creditors. Chapter 13 relief is limited to *voluntary* petitions by the debtor. The benefits and purposes of § 407 are not altered by this Congressional enactment. The debtor is still protected from creditor action.

The government erroneously contends that the exemption provisions of § 522 of the Bankruptcy Code deprive the United States Bankruptcy Court of authority to order the Social Security Administration to submit social security benefits to the Trustee. There is no exception to the definition of property of the estate in § 541 or in § 1306 for property which may later be declared exempt by the debtor under § 522 or under non-bankruptcy law. As the legislative history demonstrates, Congress contemplated that property of the estate in a Chapter 13 case would include property needed for a "fresh start" which may or may not be exempted by the debtor. *See,* S.Rep.No.95–989, 95th Cong., 2nd Sess., 82–83 (1978). Though the debtor herein may well be able to exempt his future social security benefits under § 522, the provisions of the section are permissive and the debtor has elected to submit his future social security benefits to the Chapter 13 Trustee for distribution to creditors. The exemption provisions of § 522 are personal to the debtor. Nothing in the Code would appear to permit the Social Security Administration to exercise an exemption on behalf of the debtor. The government's contention that the debtor's social security benefits are exempt property and, thus, are beyond the income deduction orders of this Court is without merit.

The elaborate provisions of § 522 permitting the debtor to exempt social security benefits from property of the estate demonstrate that Congress contemplated social security benefits to be part of the Chapter 13 estate unless and until claimed exempt by the debtor. Section 522(b) and the legislative history thereunder specifically reference the social security statute cited by the government herein—42 U.S.C. § 407. Section 522(b) states that an individual debtor ". . . may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section . . . [or]

. . .

(2)(A) any property that is exempt under *federal law* . . . or State or local law . . ." [Emphasis added].

Under the federal exemptions provided in subsection (d) of § 522, social security benefits are allowed as exempt at the debtor's option under subparagraph (10). Under the non-federal exemptions, the reference to "property that is exempt under federal law" in § 522(b)(2)(A) allows a debtor to take advantage of federal exemption provisions like 42 U.S.C. § 407. In fact, the legislative history to § 522(b)(2)(A) specifically identifies 42 U.S.C. § 407 as a benefit that may be exempted. *See* S.Rep.No.95–

989, 95th Cong., 2nd Sess. 75 (1978); H.Rep. No.95–595, 95th Cong., 1st Sess. 360 (1977). There would be no reason for Congress to elaborately provide for the exemption of social security benefits under both the federal and non-federal exemption provisions of the new Bankruptcy Code if social security benefits were not to become property of the estate under §§ 541 and 1306. Obviously, Congress contemplated that social security benefits would become property of the estate, subject to permissive exemption by the debtor. There being no exercise of this exemption in the case at hand, the social security benefits remain property of the estate and remain subject to the income deduction orders of the Court.

Congress in the numerous ways above discussed has indicated recipients of government benefits may elect to obtain the benefits of Chapter 13 and may voluntarily have a portion of their income paid to the Trustee for the benefit of their creditors. Casual reference to the legislative history of Chapter 13 establishes Congressional attitude toward individuals desirous of paying their debts under Chapter 13. The legislative goal was to make it more attractive to debtors by increasing benefits to the debtor. Equally clear is the goal to make it more available.

It .is not surprising that Congress clearly and unmistakeably made it available to employees of the government and to others receiving benefits from the government.

The relief sought must be DENIED. The Social Security Administration is directed to comply with the prior order of the Court.

It is so ORDERED.